IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GRANCHELLI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4514 |
| | § | |
| P & A INTERESTS, LTD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is an FLSA case in which Michael Granchelli sued on behalf of himself and others similarly situated. Granchelli sued his former employers, P & A Interests, LTD d/b/a Midas Auto Service, MME Holdings, LLC, and Walter P. McCarver, Jr. On the same day, one of Granchelli's coworkers, Jose Chagoya, filed his written consent to become an opt-in plaintiff. (Docket Entry No. 3). On February 23, 2012, this court entered a scheduling and docket control order that required Granchelli to file a motion for conditional certification and issuance of notice no later than April 27, 2012. (Docket Entry No. 26 at 1). On April 27, Granchelli moved for an extension, asking this court to reset the deadline for 30 days later. (Docket Entry No. 27). This court denied Granchelli's motion because he failed to show good cause. (Docket Entry No. 29). Granchelli now seeks to amend his complaint to add Chagoya as a second named plaintiff. (Docket Entry No. 35). In a January 14, 2013 hearing and in his motion to join Chagoya, Granchelli argued that joinder was not necessary because Chagoya's prior notice was sufficient to make him an FLSA plaintiff.[1] Out of

---

[1] There is some basis for Granchelli's position. Opt-in plaintiffs and original parties are treated the same under the FLSA. Unlike a Rule 23 class-action, "'no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent.'" *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008) (quoting *LaChapelle v. Owens—Illinois, Inc*., 513 F.2d 286, 288 (5th Cir. 1975) (per curiam)); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in

an abundance of caution, Granchelli filed a Rule 20(a)(1) motion to join Chagoya as a plaintiff. The motion is granted, for the reasons explained below.

## I. The Legal Standards

### A. The Rule 15(a) Standard

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, the party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).

### B. The Rule 16(b)(4) Standard

Federal Rule of Civil Procedure 16(b)(4) states that a court-ordered deadline may be modified for good cause and with the court's consent. FED. R. CIV. P. 16(b)(4). Courts consider four factors in deciding whether there is good cause to amend a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

---

writing to become such a party and such consent is filed in the court in which such action is brought."). "Once opt-in plaintiffs consent to join, 'opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.'" *Alfonso*, 2010 WL 519851, at *1 (quoting *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003)); *see also Coan v. Nightingale Home Healthcare, Inc.*, No. 1:05–0101–DFH–TAB, 2006 WL 1994772, at *2 (S.D. Ind. July 14, 2006) ("Under the opt-in procedures of 29 U.S.C. § 216(b), all . . . plaintiffs . . . are full parties for all purposes."). This court did not dismiss Chagoya's claim when it denied Granchelli's request for additional time to move for conditional certification.

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

## II.     Analysis

The defendants argue that Granchelli should not be permitted to amend his complaint to add Chagoya as a plaintiff because this case has not been certified as a collective action. Collective-action certification is not necessary for multiple plaintiffs to jointly maintain an FLSA action. The purpose of FLSA collective-action certification is to determine whether the court should allow the plaintiff to send notice to potential opt-in plaintiffs. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2d Cir. 2010) ("Indeed, while courts speak of 'certifying' a FLSA collective action, it is important to stress that the 'certification' we refer to here is only the district court's exercise of the discretionary power, upheld in *Hoffmann—La Roche*,[ *Inc. v. Sperling*, 493 U.S. 165 (1989),] to facilitate the sending of notice to potential class members."); *Alfonso v. Straight Line Installations, LLC*, No. 6:08–cv–1842–Orl–35DAB, 2010 WL 519851, at *1 (M.D. Fla. Feb. 10, 2010) ("[T]he benefit of a collective action is providing putative class members accurate and timely notice and the opportunity to opt-in." (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008)). Individuals who already know about the suit and want to join as plaintiffs need not wait until certification and notice to do so. *See Alfonso*, 2010 WL 519851, at *1 ("A motion to proceed as a collective action is not required for an opt-in plaintiff to be considered a party plaintiff . . . ." (citing *Morgan*, 551 F.3d at 1259)). Allowing additional plaintiffs to join an FLSA action before or without collective-action certification is consistent with the statutory language. An FLSA action for overtime pay can be maintained by "any *one or more employees* for and in behalf of himself or

themselves and other employees similarly situated." 29 U.S.C. § 216(b) (emphasis added).

The defendants also argue that joining Chagoya as a plaintiff is not proper because he is not an indispensable party to this suit under Federal Rule of Civil Procedure 19 and because he does not satisfy the joinder requirements under Federal Rule of Civil Procedure 20(a)(1). Although Chagoya is not an indispensable party under Rule 19 — the court could "accord complete relief among existing parties" in Chagoya's absence, and Chagoya is not "so situated that disposing of the action in [his] absence" would "impair or impede [his] ability to protect" his interests or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of [his] interest" — he may be added as a plaintiff under Rule 20's permissive joinder provisions. Under Rule 20(a)(1), an additional plaintiff may join when the "(1) . . . claims arise out of the 'same transaction or occurrence, or series of transactions or occurrences'" and "(2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *see also* FED. R. CIV. P. 20(a)(1). Even then, a court may deny joinder "in the interest of avoiding prejudice and delay, . . . ensuring judicial economy, . . . or safeguarding principles of fundamental fairness." *Id.* (citations omitted).

The FLSA claims asserted by Granchelli and Chagoya arise from the same series of transactions or occurrences and share at least one common question of law or fact. Granchelli and Chagoya were both auto mechanics, employed by the defendants in the Houston, Texas area during roughly the same period of time between 2009 and 2011. Both allege that the defendants did not pay them for all of the hours they worked and did not pay them at time-and-a-half rates for the hours they worked in excess of 40 hours in a week. In other FLSA cases involving similar facts, courts have generally found that Rule 20(a)(1)'s requirements were satisfied. In *Allen v. Atlantic Richfield Co.*, 724 F.2d 1131 (5th Cir. 1984), 22 security guards sued their employer under the FLSA alleging

4

that they had not been paid for overtime they worked during a strike by other employees. The guards did not seek collective-action treatment, but sought to join their actions under Rule 20(a)(1). The Fifth Circuit affirmed the joinder because "their causes of action arose out of the same series of transactions or occurrences." *Id.* at 1135. *See also Hill v. R + L Carriers, Inc.*, 2011 WL 1990651, at *2 (N.D. Cal. May 23, 2011) (finding, after decertifying the plaintiffs' collective FLSA action, that one of the opt-in plaintiff's claims were part of the same "series of transactions or occurrences" as the original plaintiffs' claims because they were all employed in similar positions by the same employer in the same location and alleged similar legal violations); *McLean v. CVS Pharmacy, Inc.*, 2010 WL 3827940 (D. Conn. Sept. 21, 2010) (finding that the additional plaintiff's claims arose out of the same series of transactions or occurrences when the additional and the original plaintiff held the same position at the same company and asserted similar claims); *Bamgbose v. Delta-T Group, Inc.*, 724 F. Supp. 2d 510, 518 (E.D. Pa. 2010) (permitting joinder of an opt-in plaintiff in an FLSA case).

The defendants also argue that they will be prejudiced if Granchelli is permitted to join Chagoya as a plaintiff because it would make "it appear that [if] the Defendants acted in a certain way toward one Plaintiff . . . they did so to the other." (Docket Entry No. 38 at 8). The defendants have not shown — as opposed to speculated — why permitting Chagoya to be added as a plaintiff is unduly prejudicial, or why the impression they fear cannot be appropriately addressed by proper instructions or careful case management. Nor have the defendants effectively disputed the efficiency to both the parties and the court from joining Chagoya, particularly given the FLSA's goal of "lower[ing] individual costs to vindicate rights by the pooling of resources." *Hoffman—LaRoche*, 493 U.S. at 170; *see generally Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 323 (D.D.C. 2011) ("When asked to decide whether permissive joinder is

appropriate, the district court should be guided by the underlying aims of joinder, which include promoting judicial economy, expediting the resolution of disputes, and eliminating unnecessary litigation."). Granchelli and Chagoya seek modest damages. Requiring them to litigate their claims separately would waste judicial resources and could result in otherwise avoidable attorney's fees and costs.

Granchelli has shown good cause for amending both the complaint and the scheduling order to join Chagoya as a plaintiff. Chagoya provided notice of his intent to opt-in to the suit on June 29, 2011, the same day that Granchelli filed this lawsuit. (Docket Entry No. 3). The defendants have been aware of Chagoya's claims since June 29, 2011, and Chagoya has served the defendants with responses to their discovery requests. Granting the motion will not delay the case nor prejudice the defendants.

**III.   Conclusion**

Granchelli's motion for leave to file an amended complaint to add Jose Chagoya as a plaintiff, (Docket Entry No. 35), is granted. The plaintiffs must file an amended complaint no later than **February 15, 2013**.

SIGNED on February 4, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge